David Reynolds,                    )    C/A No. 2:10-394-JFA-RSC
a/k/a David Russell Reynolds,      )
                                   )
                    Plaintiff,     )    REPORT AND RECOMMENDATION
                                   )
vs.                                )
                                   )
U.S. Government,                   )
                                   )
                    Defendant.     )
_____)

## Introduction and Factual Background

This is a civil action which appears to be filed by a *pro se* federal prisoner, federal detainee, or a person civilly committed to the custody of the United States.[1] The plaintiff mailed a document to this court from the Federal Medical Center in Butner, North Carolina. (Docket Entry # 1 at p. 17) The document was a 16-page letter, and it was liberally construed by the Office of the Clerk of Court as a complaint and filed as such on February 19, 2010. The plaintiff alleges that he was taken into United States

---

[1] In *David Reynolds v. United States Government, Bureau of Prisons*, C/A No. 6:09-cv-125-WSS, by order filed July 28, 2009, Chief United States District Judge Walter S. Smith, Jr., noted that the plaintiff was a "federal prisoner." *See* Public Access to Court Electronic Records ("PACER") Homepage, https://pacer.login.uscourts.gov/ (last visited April 1, 2010) (enter Texas courts and Plaintiff's name). Also, in *United States v. David Russell Reynolds*, Cr. No. 4:07-mj-284-1 (Docket Entry # 8), it appears that as of June 19, 2007, the defendant therein was "not competent to stand trial at this time." *Id.* It appears that the defendant therein was committed to the custody of the Attorney General and sent to the Federal Medical Center for treatment.

1

government custody on March 28, 2007, on "fake" criminal charges. (Docket Entry # 1 at p. 2) Plaintiff also asserts that Judge Britt stated that he was mentally ill and civilly committed. (Docket Entry # 1 at p. 4) He alleges that he has been subjected to excessive force and torture by the defendant and that the Butner Camp is a "torture camp" similar to Nazi torture camps. (Docket Entry # 1 at p. 9) He stated that the document mailed to this court is his "torture camp journal." (Docket Entry # 1 at p. 15)

On February 25, 2010, this court entered an order to provide the plaintiff an opportunity to submit the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. (Docket Entry # 5) Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *Id.* Plaintiff was required to submit the following: pay the $350 filing fee <u>or</u> complete and sign an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240); complete and sign a Financial Certificate; complete one summons form which lists each defendant; complete and sign a Form USM-285 for each defendant; and complete and sign a complaint form. *Id.* The time to bring this case into proper form has lapsed. Plaintiff attempted to comply with the Order by providing an incomplete and unsigned application to proceed *in forma pauperis*, a blank Financial Certificate, a completed proposed summons, additional

page 17 to the original complaint, a letter to request additional blank summonses and Form USM-285. (Docket Entries # 7, 8, 9) The Office of the Clerk of Court did mail additional blank summonses and Form USM-285 to the plaintiff on March 10, 2010.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings.[2] The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The plaintiff's complaint is subject to review pursuant to the inherent authority of this court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous. *See Mills v. Greenville Co.*, 586 F.Supp.2d 480 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL

---

[2] Out of an abundance of caution and taking the plaintiff's allegations as true, this court will not screen this action pursuant to 28 U.S.C. § 1915A because the record in this case contains conflicting statements as to whether this plaintiff is a "prisoner" within the meaning of § 1915A(c). Moreover, although the plaintiff submitted a motion to proceed *in forma pauperis* and did not pay the filing fee, he states that he has enough money to pay the filing fee and desires to pay it but that the defendant took his wallet. In other words, he appears to claim that he has sufficient funds to pay the filing fee but that the defendant will not give his money to him. Thus, this court will not screen this action pursuant to 28 U.S.C. § 1915 because the plaintiff does not seek to invoke pauper status.

397449 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction). *See also Bardes v. Magera*, No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

The plaintiff is a *pro se* litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means

4

that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. The plaintiff failed to provide several documents requested of him that were necessary to bring his case into proper form. He did <u>not</u> pay the $350 filing fee <u>or</u> sign and complete an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), complete and sign a Financial Certificate, complete and sign a Form USM-285, or complete and sign a complaint form. Therefore, the plaintiff failed to comply with this court's February 25, 2010, order. Thus, this case should be dismissed *without prejudice* pursuant to Rule 41

of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Additionally, this complaint should be dismissed based upon frivolousness because, even weighing the plaintiff's factual allegations in his favor, the alleged facts describe fanciful, fantastic, or delusional scenarios – that the Butner federal facility is a Nazi torture camp. *See Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that a prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (noting that facts must be delusional to be frivolous; for example, a prisoner petition asserting that Robin Hood and his Merry Men deprived the prisoner of his access to mail or that a genie granted a warden's wish...). *See also Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 Fed. Appx. 303 (4th Cir. May 15, 2007).

Lastly, if the court decides that 28 U.S.C. § 1915A is applicable to this case, then this action should be dismissed pursuant to § 1915A(b)(1) based upon frivolousness.

Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                            Robert S. Carr
                                            United States Magistrate Judge

April 2, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).